UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHOENIX LIFE INSURANCE COMPANY,
a New York corporation, and PHL
VARIABLE INSURANCE COMPANY, a
New York Corporation,

    Plaintiffs,

v.

RAIDER-DENNIS AGENCY, INC., et al.,

    Defendants.
                                        /

Case No. 2:07-cv-15324

consolidated with

Case No. 2:08-cv-11562

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER
DISMISSING PLAINTIFFS' CLAIMS WITH PREJUDICE (docket no. 48)**

This is an action by an insurance company for a declaratory judgment of rescission against its insured and a common law tort claim of civil conspiracy to commit fraud against the insured, the alleged transferees of two life insurance policies and certain persons and entities that allegedly conspired in the insured's allegedly fraudulent statements.  This matter comes before the Court on plaintiffs' motion for entry of an order dismissing plaintiffs' claims with prejudice in the above-captioned action.  Upon review of the briefs and submissions of the parties, the Court finds that oral hearing is unnecessary and orders the matter submitted on the briefs pursuant to Local Rule 7.1.

Plaintiffs in this consolidated action, Phoenix Life Insurance Company and PHL Variable Insurance Company (collectively "Phoenix") filed this action against eight defendants, including defendants Robert Rosen and the Rosen Trust (collectively "Rosen" or "the Rosen defendants") after Rosen and the Trust assigned two high value life insurance policies.  Rosen asserted a counterclaim against the plaintiffs, asserting that the plaintiffs breached their contract with Rosen by rescinding the insurance policies.

Plaintiffs have now reached a settlement with six of the eight defendants in this action and wish to dismiss with prejudice their claims against all defendants.  The plaintiffs circulated a proposed notice of voluntary dismissal to all parties.  Six of the eight defendants agreed to stipulate to the proposed notice of voluntary dismissal.  The Rosen defendants, however, have refused to stipulate to the voluntary dismissal.  Plaintiffs now move for an order of this Court dismissing their claims with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, but preserving the Rosen counterclaim.  Rosen opposes plaintiffs' motion for an order dismissing the claims.  In the alternative, Rosen asks that any voluntary dismissal be conditioned on the plaintiffs being compelled to respond to all previously served interrogatories and document requests, and the Rosen defendants being awarded their costs in defending this action.  For the reasons stated below, the Court will grant plaintiff's motion for an order dismissing their claims and will not condition it as requested by the Rosen defendants.

## ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, once a defendant has answered or filed a motion for summary judgment, and absent stipulation of all parties, an action may be dismissed at the plaintiff's request only by court order on terms that the court considers proper.  When a defendant has pleaded a counterclaim, the action may be dismissed over a defendant's objection only if the counterclaim remains for independent adjudication.  *Id.*  Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.  *Id.*  The purpose of the rule is to protect the nonmovant from unfair treatment. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3 948,  953 (6th Cir. 2009).   A dismissal may be conditioned on whatever terms the court deems

necessary to offset the prejudice a defendant may suffer from dismissal without prejudice. *Id.*

The decision to grant a voluntary dismissals pursuant to Fed. R. Civ. P. 41(a)(2) generally rests within the sound discretion of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A court abuses that discretion only when "the defendant would suffer 'plain legal prejudice' as a result of the dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 271 (1947) and *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). In determining whether a defendant will suffer plain legal prejudice, a court should consider the following factors: 1) the defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation of the need for dismissal; and 4) whether a motion for summary judgment has been filed by the plaintiff. *Grover*, 33 F.3d at 718.

Upon review of the record, and considering the *Grover* factors, the Court finds that the defendants have failed to establish that they will suffer plain legal prejudice from the Court granting the voluntary dismissal with prejudice. The first factor, the defendants' effort and expense of preparation for trial, favors granting the dismissal. As of the date that the motion for voluntary dismissal was filed, the Rosen defendants had simply joined in a motion to compel and a motion to dismiss that had been prepared and filed by their co-defendants, and had filed their own motion to compel just days prior to the date the plaintiffs' motion for voluntary dismissal was filed. Further, the Rosen defendants have a pending counterclaim that will be preserved, and any discovery that has been engaged in to date will benefit the Rosen defendants in litigating that counterclaim. See *Rosenthal v.*

*Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007). The record reflects no excessive delay on the part of the plaintiffs in prosecuting the action, so the second *Grover* factor also weighs in favor of dismissal. The plaintiffs' reason for seeking a voluntary dismissal is that the plaintiff has settled with all defendants with the exception of the Rosen defendants. Public policy strongly encourages the settlement of disputes, *Arco Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976), and therefore the third *Grover* factor also favors granting the dismissal. Finally, the fourth *Grover* factor also favors dismissal, because the Rosen defendants have not filed a motion for summary judgment. The Rosen defendants thus have failed to establish that plain legal prejudice would result form granting the plaintiffs' motion for an order dismissing their claims and the Court will grant plaintiffs' motion and order that the complaint be dismissed with prejudice.

In the alternative, the Rosen defendants request the Court condition the voluntary dismissal on plaintiffs paying the Rosen defendants' attorneys fees in defending this matter and requiring the plaintiffs to answer all pending discovery requests. Because the Rosen defendants will not suffer plain legal prejudice from an order of this Court dismissing the plaintiffs' claims with prejudice, there is no need for the Court to impose additional terms upon the plaintiffs, as the Rosen defendants have requested. Further, the Rosen defendants' requested terms are improper. Attorneys fees are generally not permitted when the Court awards a voluntary dismissal with prejudice. *Massey v. City of Ferndale*, 117 F.3d 1420 (Table), 1997 WL 330652 at * 3 (6th Cir. June 16, 1997). As for the discovery requests, those are the subject of a motion to compel discovery that is currently pending before Magistrate Judge Mona Majzoub, and the Court sees no reason to resolve the motion to compel in the Rosen defendants' favor as a condition of granting the plaintiffs' motion dismissing their claims.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' Motion for Entry of an Order Dismissing Plaintiffs' Claims (docket no. 48) is **GRANTED**. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**. The Rosen defendants' counterclaim is expressly preserved.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 3, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 3, 2010, by electronic and/or ordinary mail.

Alissa Greer
Case Manager