**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHOENIX LIFE INSURANCE
COMPANY and
PHL VARIABLE INSURANCE
COMPANY,

        Plaintiffs,

VS.

RAIDER-DENNIS AGENCY,
INC., et al.

        Defendants.

_____/

CIVIL ACTION NO. 07-cv-15324
consolidated with Case No. 08-cv-11562

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE MONA K. MAJZOUB

## OPINION AND ORDER DENYING DEFENDANT CBI FINANCIAL LLC'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO CBI'S FIRST SET OF REQUESTS FOR PRODUCTION (DOCKET NO. 27)

This matter comes before the Court on Defendant CBI Financial LLC's Motion To Compel Documents Responsive To CBI's First Set Of Requests For Production filed on August 25, 2009[1]. (Docket no. 27). Defendant Bank of America, N.A., named as LaSalle Bank N.A. and LaSalle Bank Corporation, filed a Joinder and Concurrence in CBI Financial LLC's Motion To Compel on September 4, 2009. (Docket no. 32). Plaintiffs filed a Brief In Response To CBI Financial LLC's Motion To Compel on September 9, 2009. (Docket no. 35). Defendants Rosen and Rosen Trust filed a Joinder And Concurrence in CBI Financial LLC's Motion to Compel on September 9, 2009. (Docket no. 34). Defendant CBI Financial LLC filed a Reply In Support Of Its Motion To Compel

---

[1] Pursuant to the District Court's Order Granting Plaintiffs' Motion For Entry Of An Order Dismissing Plaintiffs' Claims With Prejudice dated March 3, 2010 (docket no. 65), all Defendants except Robert Rosen and the Rosen Trust have been terminated from this case. The Rosen and Rosen Trust counterclaim is the only claim remaining in this action.

Documents on September 21, 2009. (Docket no. 41). Plaintiffs and Defendant CBI Financial LLC filed a Joint Statement Of Resolved And Unresolved Issues Regarding Motion To Compel Documents Responsive To CBI's First Set Of Requests For Production on October 7, 2009. (Docket no. 44). This matter was referred to the Undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 28). The Court heard oral argument on this matter on October 15, 2009. This matter is now ready for ruling.

## **ANALYSIS**

At the October 15, 2009 hearing, counsel for the moving party Defendant CBI Financial LLC ("Defendant CBI") announced to the Court that the issues and claims by Plaintiffs against Defendant CBI had been resolved. Plaintiffs' counsel concurred in this statement on the record. Indeed, since the time of the Court's hearing on this matter, the District Court entered an Order Granting Plaintiffs' Motion For Entry Of An Order Dismissing Plaintiffs' Claims With Prejudice and the moving party to this motion, Defendant CBI, has been terminated as a Defendant in this action. (Docket no. 65). At the hearing, Defendant CBI's Counsel notified the Court that Defendants Rosen and Rosen Trust wished to proceed with Defendant CBI's Motion To Compel and that Defendants Rosen and Rosen Trust's attorney was prepared to argue the Motion. The Court heard argument from Defendants Rosen and Rosen Trust's counsel and Plaintiffs' counsel. Plaintiffs' counsel argued that Defendants Rosen and Rosen Trust were not the moving parties in Defendant CBI's Motion To Compel and therefore did not have standing to pursue the motion.

At the hearing, Plaintiffs cited *Payne v. Exxon*, 121 F.3d 503 (9th Cir. 1997) to support their argument. In dictum, the *Payne* court pointed out the distinction between Fed. R. Civ. P. 37(a)(2)(A) [now Rule 37(a)(3)(A)] which provides that 'any other party' may move to compel the

2

automatic disclosures required of all litigants by Rule 26(a) and Fed. R. Civ. P. 37(a)(2)(B) [now Rule 37(a)(3)(B)] which provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." The *Payne* court noted that plaintiff Lowe "correctly asserts that [defendant] VECO would not have had standing to move to compel answers to [co-defendant] Exxon's discovery requests." *Payne v. Exxon*, 121 F.3d at 510; *see also Kingsway Financial Services, Inc. v. PriceWaterhouse-Coopers, LLP*, 2009 WL 72165 (S.D.N.Y. Jan. 9, 2009). While it does not appear that this issue has been addressed by the Sixth Circuit, the *Payne* opinion is consistent with a plain reading of Rule 37. *Compare* Fed. R. Civ. P. 37(a)(3)(A) *and* (B). Defendants Rosen and Rosen Trust's Joinder and Concurrence in terminated Defendant CBI's Motion to Compel does not change the analysis. The discovery at issue in Defendant CBI's Motion to Compel was signed only by the attorney for Coventry Capital I, LLC and CBI Financial LLC and is captioned "Defendant CBI Financial LLC's First Set Of Requests For Production Of Documents To Plaintiffs." (Docket no. 35-5). Defendants Rosen and Rosen Trust's Joinder and Concurrence states that "[i]n preparing their First Set of Requests for Admissions, Interrogatories and Request for Production of Documents to Plaintiffs, Defendants Rosen and Rosen Trust relied upon the First Requests for Production of Defendant CBI Financial, LLC to Plaintiffs . . . ." (Docket no. 54). This statement indicates that Defendants Rosen and Rosen Trust prepared their own discovery requests in this action and did not solely rely on Defendant CBI's discovery. At the hearing, Defendant Rosen and Rosen Trust's attorney stated that they had served their own discovery requests on Plaintiffs. Finally, Plaintiffs' counsel and Defendants Rosen and Rosen Trust's counsel disputed whether the remaining issues would be the same with only Rosen and

3

Rosen Trust's claims remaining, bringing into question the relevance of Defendant CBI's discovery requests to the sole remaining Rosen and Rosen Trust counterclaims.

For these reasons, the Court finds that Defendant CBI's Motion To Compel will be denied as moot. The Court further finds that the Defendants Rosen and Rosen Trust are not the parties seeking the discovery at issue and do not have standing to pursue terminated Defendant CBI's Motion.

**IT IS THEREFORE ORDERED** that Defendant CBI Financial LLC's Motion To Compel Documents Responsive To CBI's First Set Of Requests For Production (docket no. 27) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 04, 2010         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: March 4, 2010          s/ Lisa C. Barteltt
                              Case Manager