**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PHOENIX LIFE INSURANCE
COMPANY and					CIVIL ACTION NO. 07-cv-15324
PHL VARIABLE INSURANCE		consolidated with Case No. 08-cv-11562
COMPANY,
     Plaintiffs,				DISTRICT JUDGE STEPHEN J. MURPHY, III

 VS.							MAGISTRATE JUDGE MONA K. MAJZOUB

RAIDER-DENNIS AGENCY,
INC. And LARRY S.
COMPAGNA, et al.

     **Defendants.**
                                /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANTS' MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY ROBERT ROSEN (DOCKET NO. 52)

This matter comes before the Court on Counter-Defendant Phoenix Life Insurance Company's Motion To Compel Answers To Interrogatories And Production Of Documents By Robert Rosen filed on November 19, 2009[1]. (Docket no. 52). Counter-Plaintiff Robert Rosen filed a Response on December 3, 2009. (Docket no. 57). Counter-Defendant filed a Reply on December 10, 2009. (Docket no. 60). The parties filed a Joint Statement of Resolved and Unresolved Issues on December 23, 2009. (Docket no. 62). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 53). The matter being fully briefed, the Court dispenses with oral argument. (Docket no. 54). E.D. Mich. LR 7.1(f).

---

[1]On March 3, 2010 the Court entered an Order Granting Plaintiffs' Motion For Entry Of An Order Dismissing Plaintiffs' Claims With Prejudice. (Docket no. 65). As a result, co-Counter-Defendant PHL Variable Insurance Company is no longer a party to this action or this motion. The counter-claim of Robert Rosen and the Rosen Trust against Phoenix Life Insurance is the only remaining claim in this action. (Docket no. 65).

**ANALYSIS**

    A.    **Request for Concurrence and Timeliness of Motion**

On September 30, 2009 Counter-Defendant served its Second Set of Interrogatories And Third Set of Requests for Production Of Documents By Robert Rosen. (Docket no. 52-2). The discovery requests include thirteen Requests for Production and five Interrogatories. According to the parties' Joint Statement, Interrogatory Nos. 1 and 3-5 and Request for Production Nos. 1-10 remain unresolved.

Counter-Plaintiff argues that Counter-Defendant did not comply with Local Rule 7.1 in seeking concurrence prior to filing its motion and that Count-Defendant waived the discovery issues in the Motion to Compel because it was filed after the close of discovery. The Court agrees with Counter-Defendant that while the discovery deadline was October 30, 2009, the scheduling order does not speak directly to the deadline for discovery motions and the deadline for "all pretrial motions" was November 30, 2009. The Court finds that this motion is timely where it was filed 19 days after the close of discovery, prior to the pretrial motion deadline and less than three weeks after the deadline to respond to the discovery at issue.

Counter-Defendant's motion contains a certification that it sought concurrence in its motion in compliance with E.D. Mich. Local Rule 7.1 and Fed. R. Civ. P. 37(a)(1). Counter-Plaintiff alleges that Counter-Defendant's request for concurrence occurred by way of a voicemail message, and that the motion was filed within two hours of Counter-Defendant's counsel leaving the message. Counter-Defendant in its Reply argues that it had repeatedly tried to reach Counter-Plaintiff's counsel in the weeks prior to the motion (it is not clear whether it was for this or other issues) without success. In light of Counter-Defendant's Rule 7.1. statement appearing in its motion, the

unsubstantiated finger-pointing between the parties, unsupported by affidavit or written correspondence and the matter being fully briefed, the interests of the Court and the parties in resolving the issues at bar are met by deciding Counter-Defendant's motion on its merits.

**B.      Interrogatories**

The four interrogatories which remain at issue each ask Counter-Plaintiff to state, as of specific dates[2], his net worth, and to "identify and quantify each and every constituent asset and liability item or category, and identify each and every document, on which you rely to so state." (Docket no. 52-2). Despite Counter-Plaintiff's objections to the relevance of the interrogatories and as overly broad and unduly burdensome, Counter-Defendant has shown that the information is relevant to Counter-Plaintiff's alleged injury and whether the foreclosure of the insurance policy may have been the result of a failure to pay by Counter-Plaintiff, whether Counter-Plaintiff misrepresented his net worth on his application, relevant to whether there was a valid contract and/or whether the breach of contract was justifiable and issues of credibility.  *See Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp. 2d 815, 818 (E.D. Mich. 2007) (setting forth elements of a breach of contract claim under Michigan law); *Tocco v. Argent Mortgage Co.,* 2007 WL 170855 *7 (E.D. Mich. Jan. 18, 2007) ("Fraudulent misrepresentations that induce a contract will void it."). Counter-Defendant has identified five instances in which Counter-Plaintiff or his broker has identified varying net worth totals.  (Docket no. 52, 52-3, 52-4, 52-5, 52-6).

Counter-Plaintiff's argument that the variation in testimony is a result of the fluctuating market does not address the issue of net worth as to specific time periods.  Each specific

---

[2]As of January 1, 2005 (Interrogatory No. 1), January 1, 2007 (Interrogatory No. 3), January 1, 2008 (Interrogatory No. 4) and January 1, 2009 (Interrogatory No. 5).

Interrogatory is limited to a relevant time frame, including Interrogatory No. 1 which seeks net worth as of January 1, 2005, only fifteen months prior to the March 27, 2006 Application for Life Insurance which contains a net worth representation and Interrogatory No. 5, seeking net worth as of January 1, 2009, when the latest representation of net worth was made at a deposition in July 2009. (Docket no. 52-3). The interrogatories seek information relevant to the claims and defenses in this matter or otherwise reasonably calculated to lead to the discovery of admissible evidence and the Court will order Counter-Plaintiff to answer the interrogatories in full. Fed. R. Civ. P. 26(b)(1). The Court recognizes that some of the information is sensitive financial information and Counter-Plaintiff may answer pursuant to the parties' January 12, 2009 Protective Order in place in this matter. (Docket no. 19).

### C. Requests for Production

As with the Interrogatories, Counter-Defendant argues that the relevance of the Requests for Production remaining at issue goes to clarifying "the significantly disparate financial calculations thus far disclosed in this case." (Docket no. 52). Request for Production No. 1 seeks "all documents and other items contained in, concerning, or related to, any filings made with a taxing authority, including, but not limited to, the Internal Revenue Service, that you prepared, or had prepared, for the 2005, 2006, 2007 and 2008 tax years." (Docket no. 52-7). Counter-Plaintiff objected based on relevance. Tax returns are generally discoverable, but courts recognize that public policy dictates against unnecessary public disclosure of tax return information. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975). To prevent the unnecessary disclosure of that information courts require a showing of relevancy and that the material is not otherwise

4

discoverable. *See Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 121 (S.D. Ohio 1982).

The Court finds that the tax returns with schedules and worksheets are relevant to Counter-Plaintiff's net worth and financial condition which are relevant as set forth above with respect to the Interrogatories. The Court finds, however, that the request for all documents and items "contained in, concerning or related to" any filings is far too broad and is not limited to relevant information or reasonably calculated to lead to the discovery of admissible evidence and the burden of such an unlimited Request outweighs the likely benefit of the same. The Court will order Counter-Plaintiff to produce all tax returns for the years requested, including all schedules and worksheets for the same. Counter-Plaintiff may produce the documents pursuant to the parties' Protective Order.

Request for Production No. 2 asks for "all applications for loans, or other forms of credit, including, but not limited to, financing, lines of credit, mortgage loans and credit cards, that you have prepared, or had prepared, since January 1, 2005." (Docket no. 52-7). Counter-Plaintiff objected that the Request is overly broad and unduly burdensome and does not seek relevant documents. Counter-Defendant has not shown the relevance of the requested applications and despite the Request being limited in scope of time, the Court will deny Counter-Defendant's motion to compel as to Request for Production No. 2.

Request for Production No. 3 asks for all documents and items "including all deeds and other conveyances, evidencing transfers of properly, whether real or personal, tangible or intangible, from you to another, including the Rosen Family Irrevocable Trust and other entities." (Docket no. 52-7). Request for Production No. 4 asks for the same documents for transfers "*to* you from another . . . ." (Docket no. 52-7, emphasis added). Counter-Plaintiff objected to each Request as overly broad,

5

unduly burdensome and not relevant. The Request is unlimited as to scope in time and not limited by topic or subject to relevant transfers or conveyances or those reasonably calculated to lead to the discovery of admissible evidence. The Court will deny Counter-Defendant's motion as to Request for Production Nos. 3 and 4.

Request for Production No. 5 asks for "all documents and other items related to, concerning or evidencing any deposit or checking accounts on which you are a tenant, joint or otherwise." (Docket no. 52-7). Counter-Plaintiff again made objections that the Request was overly broad, unduly burdensome and seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Court agrees. The request is unlimited in scope of time and not limited in any manner to relevant documents or those reasonably calculated to lead to admissible evidence. The Court will deny Counter-Defendant's motion as to Request for Production No. 5.

Request for Production No. 6 asks for "all documents and other items related to, concerning, or evidencing, any deposit, mutual fund, investment, 401k, IRA, pension or checking account(s) in which you have, or had, an interest at any time from January 1, 2005 to present." (Docket no 52-7). Counter-Plaintiff objected that the Request was overly broad and unduly burdensome and on the basis of relevance. Fed. R. Civ. P. 26(b)(1). The request for "all documents related to, concerning, or evidencing" is overly broad as written, seeks duplicative documentation and the burden of the request outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). The Court will limit the request and order Counter-Plaintiff to produce all monthly and annual statements for the identified funds, investments and accounts in which Plaintiff had an interest as of January 1, 2005.

6

Request for Production No. 7 asks for "all documents and other items related to, concerning, or evidencing checks or bank drafts drawn, or received, by you since January 1, 2005." (Docket no. 52-7). Counter-Plaintiff objects that the Request is overly broad, unduly burdensome and not relevant. The Court finds that the request is overly broad, in part duplicative of Request for Production No. 6 and the burden outweighs the likely relevance where Counter-Defendant has not shown that checks or bank drafts are relevant to the claims and defenses related to Counter-Plaintiff's net worth and are not duplicative of the other information sought by the Requests and Interrogatories. The Court will deny Counter-Defendant's motion to compel as to Request for Production No. 7.

Request for Production No. 8 asks for "all documents and other items related to, concerning, or evidencing judgments entered in your favor since January 1, 2005." (Docket no. 52-7). Counter-Plaintiff makes the same objections that the Request is unduly burdensome, overly broad and not relevant. The Request is overly broad as written and not limited to relevant documents, asking for "all" documents related to, concerning or evidencing judgments. The substance of the judgments is relevant to the issues related to net worth, as set forth above, and the Court will order Counter-Plaintiff to produce a copy of each judgment entered in Counter-Plaintiff's favor from January 1, 2005 through January 1, 2009.

Request for Production No. 9 asks for "all documents and other items related to, concerning, or evidencing your ownership of any property, real or personal, tangible or intangible, including, but not limited to, stock certificates, bonds, securities, safe deposit box leases, certificates of title, warehouse receipts, bills of lading, mortgages and security agreements." (Docket no. 52-7). Counter-Plaintiff objects that the Request is unduly burdensome, overly broad and not relevant. The

7

Court agrees. While Counter-Defendant has an argument as to the relevance of information, documents and things related to Counter-Plaintiff's net worth at various points in time, Request No. 9 is not limited to a relevant point or points in time and Counter-Defendant has not shown how Counter-Plaintiff's current net worth, which appears to be sought by this Request as it is written, is relevant to the claims or defenses in this action or otherwise reasonably calculated to lead to the discovery of admissible evidence. Furthermore, the request for "all documents and other items related to, concerning, or evidencing" is so overly broad as to outweigh its likely benefit and is likely to retrieve many documents and items with no relation at all to the value of the real and personal property and the issue of net worth. Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court will deny Counter-Defendant's Motion to Compel as to Request for Production No. 9.

Request for Production No. 10 asks for "all balance sheets, financial statements, net worth calculations, bankruptcy filings, liquidity calculations, third-party evaluations, audits, regulatory filings and securities filings that pertain or relate to you, and that were created during the time from January 1, 2005 to present." (Docket no. 52-7). Counter-Plaintiff objects that the request is overly broad, unduly burdensome and not relevant. As set forth above with respect to Request for Production No. 9, Counter-Defendant has not shown how Counter-Plaintiff's net worth today is relevant. The Court will limit Request No. 10 to documents created during the time from January 1, 2005 to January 1, 2009, consistent with the time frame set forth in Counter-Defendant's Interrogatories. The information is otherwise relevant for the reasons set forth in the above analysis regarding the Interrogatories and the Court will order Counter-Plaintiff to produce all responsive documents for the time period as limited by the Court.

### D. Request To Reopen Robert Rosen Deposition

Counter-Defendant asks that the Court allow it, within thirty days of receiving Counter-Plaintiff's answers, responses and documents, to "complete" a deposition of Robert Rosen if necessary to clarify any new issues raised by the discovery responses related to the net worth issues and capacity to make policy payments issue. (Docket no. 52). Neither party has briefed the issue providing legal support for their position and Counter-Plaintiff has not specifically addressed the issue in its Response Brief. Rule 30, Fed. R. Civ. P., provides that unless otherwise stipulated or ordered by the court, "a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . [if] the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). The exhibits to Counter-Defendant's Motion show that Counter-Plaintiff Robert Rosen was deposed on July 28, 2009 yet the length of the deposition is unknown. Counter-Defendant's need to depose Rosen again is speculative at this time and Counter-Defendant has not shown good cause to re-open the deposition. Based on both the Court's lack of information as to the extent of Rosen's deposition(s) to date and the speculative nature of the request, the Court will deny without prejudice Counter-Defendant's request to re-depose Robert Rosen.

### E. Request for Attorneys Fees and Costs

The Court will deny Counter-Defendant's request for attorneys fees and costs pursuant to Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii).

**IT IS THEREFORE ORDERED** that Counter-Defendant Phoenix Life Insurance Company's Motion To Compel Answers To Interrogatories And Production Of Documents (docket no. 52) is **GRANTED** in part and Counter-Plaintiff will serve complete answers, responses and responsive documents on Counter-Defendant on or before May 21, 2010, to Interrogatory Nos. 1 and

9

3-5 and Request for Production Nos. 1 (limited to returns, worksheets and schedules), 6 (as limited herein), 8 (as limited herein), and 10 (as limited herein).

**IT IS FURTHER ORDERED** that all responsive documents, items and information may be produced pursuant to the parties' stipulated Protective Order to the extent that the documents, items or information fall within the purview of the Order. (Docket no. 19).

**IT IS FURTHER ORDERED** that Counter-Defendant's request to depose again Counter-Plaintiff Robert Rosen is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the remainder of Counter-Defendant's Motion To Compel (docket no. 52) is **DENIED** including Request for Production Nos. 2, 3, 4, 5, 7 and 9 and the request for attorneys fees and costs.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 30, 2010
s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: May 3, 2010
s/ Lisa C. Bartlett
Case Manager