# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

PHOENIX LIFE INSURANCE
COMPANY, et al.

      Plaintiffs

vs.

RAIDER-DENNIS AGENCY,
INC., et al.,

      Defendants.

_____/

CIVIL ACTION NO. 07-cv-15324
consolidated with Case No. 08-cv-11562

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE MONA K. MAJZOUB

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART COUNTER-DEFENDANT PHOENIX LIFE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER (DOCKET NO. 79)

This matter comes before the Court on Counter-Defendant Phoenix Life Insurance Company's Motion For Protective Order filed on August 18, 2010. (Docket no. 79). Counter-Plaintiffs Robert Rosen and the Rosen Trust[1] filed a Response on September 1, 2010. (Docket no. 82). Counter-Defendant filed a Reply on September 13, 2010. (Docket no. 84). This matter was referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 80). The matter being fully briefed, the Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f).

---

[1]On March 3, 2010 the Court entered an Order Granting Plaintiffs' Motion For Entry Of An Order Dismissing Plaintiffs' Claims With Prejudice. (Docket no. 65). As a result, co-Counter-Defendant PHL Variable Insurance Company is no longer a party to this action or this motion. The counter-claim of Robert Rosen and the Rosen Trust against Phoenix Life Insurance is the only remaining claim in this action. (Docket no. 65).

This matter having been before the Court once already on Counter-Defendant's previous motion for protective order, and despite extraneous procedural arguments[2], the issue is whether Counter-Plaintiffs' Notices of Deposition complied with this Court's Orders of May 12, 2010 and June 17, 2010. (Docket no. 73, 77).

In its Order dated June 17, 2010, the Court determined that Counter-Plaintiffs' Notice of 30(b)(6) Deposition was unduly broad and burdensome and exceeded the scope of relevant information. At the hearing on June 9, 2010, Counter-Plaintiffs agreed to serve an amended deposition notice which would track the Court's Order, with the deposition to occur within 30 days of Counter-Defendant's production of responsive documents and the Court ordered the same. (Docket no. 77, pt. l). Counter-Defendant's argument is, effectively, that Counter-Plaintiffs have failed to separate the wheat from the chaff in terms of amending the Notice to limit it to relevant topics and to track the Court's June 17, 2010 Order. The Court agrees.

## I.     Motion For Protective Order Regarding Fed. R. Civ. P. 30(b)(6) Deponent

As an initial matter, as set forth in the May 12, 2010 and June 17, 2010 Orders and at the June 9, 2010 hearing, Counter-Defendant has already shown good cause for a protective order to issue in the matter of the Rule 30(b)(6) Notice of Deposition and Counter-Plaintiffs' other discovery requests which were addressed at that time. The Court found that some of the topics were not

---

[2] This matter again contains allegations and rebuttals regarding whether the parties properly complied with the requirements of Local Rule 7.1(a). The parties appear willing to accomplish little without the Court's involvement, so to further stall discovery on this basis would be to little or no avail. This statement does not, however, relieve the parties of the continuing requirement to comply in all respects with the Federal Rules of Civil Procedure and the Local Rules.

relevant and the discovery was unduly burdensome[3]. (Docket nos. 73, p. 5; 77). Counter-Defendant does not need to again show good cause on the same issues. On the contrary, the issue is whether Counter-Plaintiffs complied with the Court's Order in amending what was initially an overreaching and unduly burdensome Notice of Rule 30(b)(6) Deposition containing irrelevant topics.

Despite criticizing Counter-Defendant with allegations that Counter-Defendant sought concurrence in this motion at the last minute and not in compliance with the spirit of E.D. Mich. LR 7.1 and Fed. R. Civ. P. 37, Counter-Plaintiffs engaged in practice of a similar spirit when they served the amended Notices for the Fed. R. Civ. P. 30(b)(6) deposition and William Ludwick's deposition on August 16, providing only three-days notice for Counter-Defendant to identify and prepare one or more Rule 30(b)(6) designated deponents to testify on 37 topics. As explanation for the short notice period, Counter-Plaintiffs' counsel's email stated that she was in trial the week before she sent the Notices. Counter-Plaintiffs' brief also alleges that Counter-Defendant was untimely in its production of documents, an issue which is not the subject of any motion before the Court.

Counter-Plaintiffs argue that when they noticed the depositions, "Phoenix was specifically advised that the 30(b)(6) deposition notices were served to comport with the Court's June 17, 2010 Order and that the date of the noticed depositions could proceed at the convenience of Phoenix's designated representatives." (Docket no. 82 p. 14). Counter-Plaintiffs included with their response brief a copy of an email supporting this contention. The first problem with Counter-Plaintiffs' argument and offer of a later deposition date is that it does not comply with the Court's Order, which

---

[3]Counter-Defendant supported its first motion for protective order with affidavits explaining the search for the documents and information and including estimates of the number of documents, time required and other costs to respond in full to Counter-Plaintiffs' discovery requests and the Rule 30(b)(6) deposition. (Docket nos. 56, 56-7, 56-8, 56-9).

stated that "Counter-Plaintiff has agreed to serve an amended deposition notice which tracks the Court's order herein, with the deposition to *occur* within 30 days of Counter-Defendant's production of responsive documents . . . ." (Docket no. 77 sub-part l). Merely serving the notice is not enough. Next, despite Counter-Plaintiffs' counsel's statement that she was willing to agree to alternate dates for the depositions, there is no evidence that the parties actually agreed to alternate dates or extending the Rule 30(b)(6) deposition beyond the date set by the Court' Order. That aside and giving Counter-Plaintiffs the benefit of the doubt, the Court will order the Rule 30(b)(6) deposition to go forward without further delay.

The Court also finds, however, that Counter-Plaintiffs have not adequately amended their Notice of Taking Deposition Duces Tecum of Phoenix Life Insurance Company (docket nos. 79-2; 82-7) to comply with the Court's Order and Rule 26(b)(1), Fed. R. Civ. P. The only remaining claim in this case is Counter-Plaintiffs' claim for breach of contract. Counter-Plaintiffs raised an additional issue that is the materiality of a misstatement made by Counter-Plaintiffs in their application, and upon which Counter-Defendant based its rescission of Counter-Plaintiffs' two insurance policies. The Court has already found in relation to the prior discovery motions that *some* information related to the use of premium or non-recourse financing may be relevant to Counter-Plaintiffs' claim for breach of contract in the limited context of materiality. *See* Mich. Comp. L. § 500.2218(3) ("In determining the question of materiality, evidence of the practice of the insurer which made the contract with respect to the acceptance or rejection of similar risks shall be admissible."). This does not include, however, information related to business decisions and/or the profitability (or lack thereof) of premium or non-recourse financing, among other topics.

The Court finds that the following topics, by number, are not relevant to the claims or defenses in this matter and they will be stricken: Nos. 12, 14, 17, 18, 19, 20, 22, 23, 25, 26 and 27. While these topics may be relevant and/or related to the broad subject matter of this action, this is ultimately a claim for breach of contract and Counter-Plaintiffs have not shown good cause to extend discovery to "*any matter* relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Topic No. 3 is far too broad and not at all limited to relevant information where it asks for "communications with insureds or viators concerning premium financing or 'financing or investor owned ownership transactions' from January 1, 2006 though December 31, 2007." The burden of this far-reaching topic (all communications) far outweighs its likely benefit . Therefore, the Court will strike Topic no. 3. The Court also finds that Topic No. 5, which relates to "policies which Phoenix declined to issue . . because the prospective insured entered into a premium financing contract or transaction or indicated an intent to do so" is not relevant where Counter-Plaintiffs' claim is that the policies were improperly rescinded, not that they were never issued in the first place. Fed. R. Civ. P. 26(b)(1). Topic No. 5 will be stricken.

The Court will strike Topic No. 37 which asks for "the factual statements made by Phoenix (or made by Phoenix's legal counsel on its behalf) in its pleadings and legal briefs filed in this case." The Court finds that Topic No. 37 is duplicative of Topic nos. 31, 32 and 34. To the extent it is not simply duplicative, it is ambiguous and irrelevant where it encompasses not only pleadings relevant to the single remaining claim in this action, but all of Counter-Defendant's pleadings to date, including those which are related to claims that are no longer part of this action.

The Court will allow Topic Nos. 1, 2, 9 (limited to the time period from January 1, 2006 and December 31, 2007), 10 (limited to the time period from January 1, 2006 through December 31, 2007), 11, 13, 21 and 24 and will deny Counter-Defendant's Motion for Protective Order as to these topics.

The Court finds that Topic No. 8, seeking a deponent to testify about "[a]ny and all Statement of Intent form(s) utilized by Phoenix from January 1, 2006 through December 31, 2007, which Phoenix requests prospective insureds or viators to sign concerning Premium Financing" is ambiguous and the Court will clarify and allow this Topic No. 8 as it relates to the variety of forms which were used, not all of the forms *completed by* insureds and viators.

Consistent with its prior Orders, the Court will allow the following topics to go forward: Topic Nos. 15, 16, 31, 32, 33 and 34. *See generally, Smith v. General Mills, Inc.*, 2009 WL 2525462 (S.D. Ohio Aug. 13, 2009)). The Court's ruling herein is in no manner meant to be used to circumvent the limitations on Counter-Plaintiffs' discovery as set forth in the Court's previous Orders. For example, to the extent the Court has limited Counter-Plaintiffs' requests for admission (see May 12, 2010 Order, docket no. 73), Topic No. 34 is so limited. The Court will allow Topic Nos. 35 (computer systems, electronic mail systems and telephone systems) and 36 (document retention, document storage and filing policies, procedures, practices and/or systems, whether manual or electronic) to go forward in part, limited to the extent the topics are relevant to Topic No. 33.

The Court will allow Topic Nos. 28-30, the surrender value and market or present value of the Policies, to go forward to the extent that Counter-Defendant had any documents within its

possession, custody or control related to these same document requests, Request Nos. 19 and 20 of Counter-Plaintiffs' Requests for Production of Documents.  (Docket no. 46-8).

In the prior Order, the Court made a finding that Counter-Plaintiffs' discovery Request for Production No. 1 which asked for production of "any and all Policies which you issued despite receipt of Statements of Client Intent or other documents from prospective insureds or owners reflecting an affirmative response (yes) to the question set forth in Request for Admission No. 1" was unduly burdensome.  Counter-Defendant established good cause for the Court to limit this massive undertaking to the production of a complete list of policy numbers, from which Counter-Plaintiffs selected 250 policies to be reviewed by Counter-Defendant and from which Counter-Defendant produced an amended response to the Request for Production No. 1.  (Docket no. 77 pt. b).  The Court will allow Topic Nos. 4, 6 and 7, which relate to policies issued, but further limited to the 250 policies already selected as a sample.  (Docket no. 77).

## II.    Motion For Protective Order Preventing Deposition of William Ludwick

Counter-Defendant also moves for a protective order to prevent the deposition of William Ludwick.  The parties point out that the Court's June 17, 2010 Order did not address the deposition of William Ludwick.  (Docket no. 77).  And with good reason.  The issue of William Ludwick's deposition has not been properly raised before this Court prior to the current motion.  William Ludwick was mentioned only in the Introduction section of Counter-Plaintiffs' October 30, 2009 Motion captioned Rosen and Rosen Trust's Motion to Deem Admitted Requests For Admissions And To Compel Plaintiffs' Answers To First Set Of Interrogatories And Requests For Production Of Documents (docket no. 46).  Despite the caption's failure to reference depositions, Counter-Plaintiffs sought to compel the deposition of Counter-Defendant's Fed. R. Civ. P. 30(b)(6)

designated deponent, an issue which the Court addressed. (Docket no. 46 pp. iii, 3). Despite attaching a Notice of Deposition of William Ludwick to their Motion, deponent William Ludwick is mentioned nowhere in the Argument section or Conclusion, which seeks to compel the Fed. R. Civ. P. 30(b)(6) deponent(s). (Docket no. 46 p. 14, subpt. IV). Even Counter-Plaintiffs' Statement of Questions Presented set forth at the beginning of their brief refers to the Rule 30(b)(6) deponents and does not mention William Ludwick's deposition. (Docket no. 46). Consistent with the Court's finding that this issue was not before the Court in the prior Motion, Counter-Defendant's Response did not reference William Ludwick's deposition and the parties' Joint Statement Of Resolved and Unresolved Issues did not mention the William Ludwick deposition. (Docket no. 58). Counter-Defendants' Motion for Protective Order filed on November 25, 2009 (docket no. 56) did not address William Ludwick and did not provide a copy of his Notice of Deposition; it only provided Notices for the Fed. R. Civ. P. 30(b)(6) deponents. E.D. Mich. LR 37.2. This is the first time the issue of William Ludwick's deposition has been properly raised before this Court[4].

Counter-Plaintiffs served a First Amended Notice Of Taking Deposition Duces Tecum of William Ludwick on August 16, 2010, noticing deposition for August 19, 2010 and requesting the deponent to bring with him "any and all documents relevant to Policy No. 97516049 or Policy No. 97518338, including, but not limited to, the application and its issuance, assignment, underwriting, transfer, cancellation and/or rescission, which have not already been produced and which are in his possession, custody and control." (Docket no. 79-3). Neither party has explained the relevance of

---

[4] Any argument that William Ludwick was somehow included as a Rule 30(b)(6) deponent must fail. The Ludwick Notice does not meet the requirements for a Rule 30(b)(6) deponent where it does not "describe with reasonable particularity the matters for examination." The October 23, 2009 Notice of Taking Deposition Duces Tecum of William Ludwick does not describe the matters for examination.

the Ludwick deposition or who he is, other than to identify him by name. Fed. R. Civ. P. 26(b)(1). Counter-Defendant, however, does not argue that William Ludwick's deposition is not relevant, so that issue is not before the Court. Counter-Defendant argues that the Court's June 17, 2010 Order did not extend Counter-Plaintiffs' time for deposing Ludwick and Counter-Plaintiffs did not seek leave to depose Ludwick after the close of discovery.

With the exception of those issues addressed in the May 12, 2010 and June 17, 2010 Orders, the Court's scheduling order states that discovery was to be completed by October 30, 2009 (docket no. 33). Counter-Plaintiffs' first Notice of Deposition was served on October 23, 2009, noticing the deposition for October 28, 2009. (Docket no. 46-11). Despite serving a timely original notice of deposition for Ludwick, the Amended Notice was served on August 16, 2010 for deposition on August 19, 2010. Neither party has explained why the first noticed deposition did not go forward. Counter-Plaintiffs' Amended Notice of Deposition to William Ludwick is untimely. To the extent Counter-Plaintiffs argue that the deposition was originally noticed on October 23, 2009, and is therefore timely, the Court finds that Counter-Plaintiffs did not move to compel that deposition until after the close of discovery. *See Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 200 (E.D. Mich. 2002) (citing *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 401 (E.D. Mich. 2000). There is no authority automatically precluding a motion to compel after the close of discovery, and in this instance the Court has taken the circumstances of the discovery and other matters into consideration and finds that the issue of compelling the Ludwick deposition is untimely and is waived.

To the extent Counter-Plaintiffs argue that the issue of William Ludwick's deposition should have been resolved by the Court's June 17, 2010 Order, the issue was not properly before the Court.

Should it be determined that the issue *was* properly raised and briefed in Counter-Plaintiffs' Motion (docket no. 46), Counter-Plaintiffs failed to timely object to or otherwise raise this issue in response to the Court's June 17, 2010 Order. Counter-Plaintiffs have waived this issue and the Amended Notice of Deposition is untimely. The Court will grant Counter-Defendant's motion for protective order as to the deposition of William Ludwick.

The parties' requests for attorneys fees and costs related to this motion are **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

**IT IS THEREFORE ORDERED** that Counter-Defendant Phoenix Life Insurance Company's Motion For Protective Order (docket no. 79) is **GRANTED** in part and the following topics are stricken from Defendants/Counter-Plaintiffs' First Amended Notice Of Taking Deposition Duces Tecum of Phoenix Life Insurance Company: Topic Nos. 3, 5, 12, 14, 17, 18, 19, 20, 22, 23, 25, 26, 27 and 37.

**IT IS FURTHER ORDERED** that Counter-Defendant's Motion For Protective Order is **GRANTED** in part as to the following topics, which are limited, as set forth in detail above: Topic Nos. 4, 6-10, 28-30 and 35-36.

**IT IS FURTHER ORDERED** that Counter-Defendant's Motion For Protective Order is **DENIED** as to the following topics to be addressed by the designated Rule 30(b)(6) deponent(s): Topic Nos. 1, 2, 11, 13, 15, 16, 21, 24 and 31-34.

**IT IS FURTHER ORDERED** that the deposition of Counter-Defendant's Rule 30(b)(6) deponents **will be completed without further delay** on a mutually convenient date on or before December 23, 2010.

**IT IS FURTHER ORDERED** that Counter-Defendant's Motion For Protective Order is **GRANTED** as to William Ludwick's deposition.

**IT IS FURTHER ORDERED** that the parties' requests for attorneys fees and costs related to this Motion are **DENIED**. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: November 24, 2010                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: November 24, 2010                    s/ Lisa C. Bartlett
                                            Case Manager